**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: | ) |
| | ) |
| SANDRA J. KUCH, | )  Case No.  10-36237 EEB |
| RANDALL W. KUCH, | )  Chapter 7 |
| | ) |
| Debtors. | ) |

_____

**ORDER GRANTING THE UNITED STATES TRUSTEE'S MOTION FOR FINES, PENALTIES AND AN INJUNCTION AGAINST JOSEPH THORNHILL**
_____

THIS MATTER is before the Court on the United States Trustee's Motion for Order to Show Cause to Joseph Thornhill ("Motion") and the Court's Order to Show Cause why Joseph Thornhill should not be sanctioned for acting as a petition preparer and violating one or more of the provisions of 11 U.S.C. §110.  Proper notice has been given and no response has been filed.  The Court, being fully advised, FINDS and CONCLUDES:

    I.    <u>Background</u>

This is the Debtors' second bankruptcy case.  The Debtors' first case, Case No. 10-29182 EEB (the "First Case"), was dismissed for ineligibility pursuant to 11 U.S.C. § 109(h), allegedly because Jeanne T. Campbell ("Campbell"), an attorney the Debtors believed was representing them, and her brother, Joseph T. Thornhill ("Thornhill"), failed to file all of the necessary documents, including credit counseling certificates.  Based on a letter filed by the Debtors in this case on February 17, 2011, this Court reopened the First Case on April 27, 2011, and issued an Order to Show Cause to Campbell why she should not be sanctioned and an Order to Show Cause to Thornhill why he should not be held in violation of 11 U.S.C. § 110.  Thornhill did not file a response.  An Amended Order to Show Cause was issued to Thornhill on September 15, 2011.  Again, Thornhill did not file a response.

On December 1, 2011, this Court held a hearing in the First Case on the United States Trustee's Settlement Agreement with Ms. Campbell.  Thornhill appeared at the hearing by telephone. Mr. and Mrs. Kuch (the "Debtors") and Campbell also appeared at the hearing by telephone.  Both the United States Trustee ("UST") and the Debtors asserted allegations against Thornhill regarding his inappropriate conduct in both the First and Second cases, including representing that he had filed all necessary documents to cure their deficient filings, providing legal advice and forging both the Debtors' and Campbell's signatures on documents filed with the Court.  Because the UST indicated an intent to seek remedies against Thornhill, the Court ordered the UST to file an amended motion setting forth specific allegations against Thornhill, including any alleged violations of 11 U.S.C. §§ 110, 526 and 528, by December 15, 2011.  The Court further ordered that Thornhill would have fourteen days to respond.

On December 15, 2011, the UST filed the Motion, along with attached exhibits and affidavits. Based on the allegations in the Motion, the Court issued a third Order to Show Cause (the "OSC") to Thornhill and Colorado Legal Solutions on December 15, 2011, requiring them to file a response to the matters set forth in the Motion and show cause on or before January 9, 2012, why they should not be ordered to pay fines and penalties and be subject to the remedies allowed by 11 U.S.C. §§105 and 110, including, but not limited to, a permanent injunction prohibiting them from acting as a bankruptcy petition preparer in the District of Colorado. The Certificate of Service on the Motion and the OSC indicate that both were mailed to the address provided by Thornhill to the Court during the December 1, 2011 hearing. Despite being given three opportunities to respond to the allegations against him, Thornhill has ignored the Orders of this Court, with the exception of appearing telephonically at the December 1, 2011 hearing.

II.     Discussion

The Court has considered the proffers made by the parties at the December 1, 2011 hearing, the allegations set forth in the Motion and all papers, affidavits and pleadings that have been filed. The Court also took judicial notice of the documents filed in this Court's dockets, including the two Kuch cases, and other cases reflected in the UST's Exhibit G in which Thornhill was involved. Based on these allegations, which Thornhill and Colorado Legal Solutions have chosen not to contest, the Court finds that:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Thornhill acted as a bankruptcy petition preparer as defined in 11 U.S.C. § 110(a)(1).

3. Thornhill acted as a debt relief agency as defined by 11 U.S.C. § 101(12A).

4. Thornhill conducted business under the name "Colorado Legal Solutions," using the word "legal" in his business name, his filings with the Court and in his communication with Debtors and third parties in violation of 11 U.S.C. § 110(f).

5. Thornhill failed to sign and put his identifying number on the documents prepared and filed by him in both the First Case and the Second Case as required by 11 U.S.C. § 110(b)(A)(1).

6. The Debtors agreed to pay Thornhill $700.00 for his services, but actually paid him $430.

7. Thornhill never provided the Debtors with a fee agreement or a contract for his services and failed to provide the Debtors with copies of documents filed in this case as required by 11 U.S.C. § 110(d).

8. Thornhill never provided the Debtors with any documentation which outlined the

    services that he was to perform and never filed such documentation with the Court as required by 11 U.S.C. § 110(b)(2)(A).

9. Thornhill provided legal advice to the Debtors including: a) whether their property was exempt; b) whether they would be able to retain their home and car and reaffirmation agreements; and c) characterized the nature of their interest in property and their debts in the Schedules filed in both cases in violation of 11 U.S.C. § 110(e)(2).

10. Thornhill filed various documents with the Court forging the signature of his sister, Ms. Campbell, thereby representing that the case was filed by an attorney. Further, Thornhill filed various documents with the Court also forging the signature of the Debtors.

11. Thornhill's conduct in 14 other cases filed in the District of Colorado evidences a clear and consistent pattern by Thornhill of violating 11 U.S.C. § 110 and perpetrating a fraud on the Court. While all of the petitions filed in these cases reflect Ms. Campbell as the attorney for the petitioners, she represents that she only performed services in 4 of those cases by appearing with the debtors at the meeting of creditors. Eleven of the 14 cases were involuntarily dismissed. Thornhill received compensation from debtors, but the debtors received little or no benefit from his services.

12. Thornhill's conduct, as noted above and in the Motion violated numerous provisions of 11 U.S.C. § 110, subjecting Thornhill to the imposition of fines and injunctive relief. *See*, *e.g.*, *In re Hennerman*, 351 B.R. 143, 148 - 49 (Bankr. D. Colo. 2006); *In re Duran*, 347 B.R. 760 (Bankr. D. Colo. 2006). Further, Thornhill has engaged in conduct described in subparagraph (I) and (III) of 11 U.S.C. § 110(j)(2)(A) in multiple cases, such that an injunction prohibiting him from acting as a bankruptcy petition preparer is appropriate to prevent him from a further abuse of process and interference with the administration of bankruptcy cases.

13. Based on his conduct, the UST has provided this Court with an itemized summary of fines and penalties which the UST asserts that Thornhill is responsible for in this case, which totals **$26,290**. A summary of those fines is attached hereto and incorporated herein by reference.

III. <u>Orders</u>

It is therefore **ORDERED** that:

1. Pursuant to 11 U.S.C. §110(j), JOSEPH THORNHILL and COLORADO LEGAL SOLUTIONS and their agents, successor or assigns (including any entity owned or controlled by any of them – whether now or in the future) are hereby PERMANENTLY ENJOINED in the District of Colorado from: a) providing any

services, directly or indirectly, as a debt relief agency, as that term is defined in 11 U.S.C. §101(12A), or providing any bankruptcy assistance as that term is defined in 11 U.S.C. §101(4A) to an entity as that term is defined by 11 U.S.C. §101(15); b) conducting any business that is in any way related to bankruptcy; and c) from acting as a bankruptcy petition preparer as that term is defined by 11 U.S.C. §110(a). All of the injunctive provisions are hereafter referred as the "Injunction." This Injunction shall prohibit the above-described conduct, regardless of whether any service or product is provided for a fee, barter, trade or for free.

2. Pursuant to 11 U.S.C. § 110(l)(1) and (2), JOSEPH THORNHILL and COLORADO LEGAL SOLUTIONS are jointly and severally fined **$22,290** payable to the United States Trustee for Region 19 for deposit into the United States Trustee System Fund.

3. Pursuant to 11 U.S.C. §110(i), JOSEPH THORNHILL and COLORADO LEGAL SOLUTIONS are fined **$4,000** payable to the Sandra J. Kuch and Randal W. Kuch.

4. JOSEPH THORNHILL and COLORADO LEGAL SOLUTIONS shall pay such fines to the United States Trustee for Region 19 and to Sandra J. and Randal W. Kuch with 60 days of the date of this Order and shall file proof of payment with the Court, **failing which this Court may impose or recommend the imposition of further sanctions, including criminal sanctions for contempt of Court.**

5. In the event that JOSEPH THORNHILL or COLORADO LEGAL SOLUTIONS are found to have violated the Injunction, in addition to any other remedies, they shall be fined $500 per day until such time as they cease their violation of the Injunction.

6. The fines and penalties imposed herein shall be separate from and in addition to the fines and penalties imposed in Case No. 10-29182 EEB.

Dated this 12th day of March, 2012.

BY THE COURT:

_Elizabeth E. Brown_
Elizabeth E. Brown
United States Bankruptcy Judge

## Attachment A

## SUMMARY OF FINES

| Violations | $500 fine for "each" violation per 11 U.S.C. § 110 (l)(1). | |
|---|---|---|
| **Failure To Sign Document**. 11 U.S.C. § 110(b)(1)(A) $500 each document | 10-36237 EEB - Thornhill failed to sign the following 4 documents: 1) Petition; 2) Statement of Financial Affairs; 3) Schedules; 4) Application to Pay Filing Fees | $ 2000 |
| | 10- 29182 EEB- Thornhill failed to sign 1) Petition and 2) Application to Pay Filing Fees | $ 1000 |
| **Failure To Provide Notice** 11 U.S.C. § 110(b)(2)(A) | 10-36237 EEB - Thornhill failed to provide required Notice | $ 500 |
| | 10- 29182 EEB- Thornhill failed to provide required Notice | $ 500 |
| **Failure To Disclose Identifiers**. 11 U.S.C. § 110(c) $500 each document | 10- 36237 EEB - Thornhill failed to identify himself or his SSN on 4 documents filed including: 1) Petition; 2) Statement of Financial Affairs; 3) Schedules; 4) Application to Pay Filing Fees | $ 2000 |
| | 10- 29182 EEB- Thornhill failed to identify himself or his SSN on documents filed including 1) Petition and 2) Application to Pay Filing Fees | $1000 |
| **Prohibition Against Legal Advice**. 11 U.S.C. § 110(e)(2)(A) $500 each issue | Thornhill advised Debtor regarding the following 4 matters: 1) whether the Debtors' property was exempt; 2) retention of their home and car and reaffirmation agreements; 3) characterized of the nature of the Debtors' interest in property; 4)characterized of the nature of the Debtors' debts. | $ 2000 |
| **Use of term "Legal" as trade name in letterhead for contract**. 11 U.S.C.§ 110(f) | Thornhill used the term "Legal" as a trade name in his letterhead, communications and documents filed with the Court | $500 |
| **Excessive Fee** 11 U.S.C. § 110(h)(3) | $430.00 in fees charged were excessive for services rendered. | $430 |

| | | |
|---|---|---|
| | Subtotals:<br>10-36237 EEB : $7,430<br>10-29182 EEB: $5,430 | $7,430<br>$5,430 |
| **Fines Tripled**<br>11 U.S.C. § 110(l)(2)(D) | Fine imposed by 11 U.S.C. § 110 (l)(1) is tripled when BPP, "prepared a document for filing in a manner that failed to disclose the identify of the bankruptcy petition preparer."<br>10-36237 EEB : $7, 430 x 3 = $22,290<br>10- 29182 EEB: $5,430.00 x 3 = $16,290 | $22,290<br>$16,290 |
| | **TOTAL FINES in each Case:**<br>**10-36237 EEB :  $22,290**<br><br>**10- 29182 EEB: $16,290** | **$22,290**<br><br>**$16,290** |
| **Statutory Payment to Debtor**<br>11 U.S.C. § 110(i)(1) | Violations of section 110 and/or fraudulent conduct; Minimum $2000 to be paid to each debtor in each case.<br><br>10-36237 EEB : $4,000<br>10- 29182 EEB: $4,000 | $8,000 |
| | | |
| **Total Fines and Penalties** | **10-36237 EEB**<br><br>**10- 29182 EEB** | $26,290.00<br><br>$20,290.00 |